## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR E. BARNES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-427-M |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Arthur E. Barnes, Jr., seeks judicial review of the final decision by the Defendant Commissioner denying Mr. Barnes' application for disability insurance benefits and supplemental security income benefits (SSI benefits). This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record ("AR"). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

### I.  Procedural History

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits alleging an inability to work since July 20, 2001, based on injuries to his head that he sustained in a bicycle accident. AR 109. Plaintiff's applications were

denied initially and on reconsideration. AR 53-54. Subsequently, an Administrative Law Judge (ALJ) held a hearing, and after consideration of the evidence, the ALJ found in an Amended Decision dated September 24, 2004, that Plaintiff was not disabled. AR 30-37. The Appeals Council received new material from Plaintiff dated January 6, 2005 (AR 441-442) and February 18, 2005 (AR 9-24), but ultimately denied Plaintiff's request for review. AR 5-8. Therefore, the decision of the ALJ is the final decision of the Commissioner.

## II.  The ALJ's Disability Determination

The ALJ followed the sequential evaluation process required by 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 31, 36.[1]

At step two, the ALJ determined that Plaintiff suffers from severe impairments including the residual effects of a closed head injury, personality disorder and poly substance dependence. AR 32, 36.

At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations. AR 32, 36.

At step four, the ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a wide range of light work as well as sedentary work. AR 34, 36. The ALJ found that Plaintiff is physically limited by his need to avoid more than occasional

---

[1] The ALJ found Plaintiff's two-week attempt to work as a concrete worker was an unsuccessful work attempt that did not qualify as "substantial gainful work activity." AR 31.

bending forward at the waist, bending at the knees to come to a rest on the knees, and bending downward by bending his legs and spine. Additionally, the ALJ concluded that Plaintiff has the ability to perform only simple, unskilled, repetitive tasks with one or two steps and that Plaintiff should avoid jobs which require remembering and understanding long and complex job instructions. AR 34. Based on Plaintiff's RFC, the ALJ concluded that Plaintiff cannot perform any of his past relevant work. AR 35, 36.

At step five, the ALJ concluded that there are a significant number of jobs existing in the national economy which Plaintiff can perform including bakery worker, assembly machine tender, laundry folder, and small parts assembler. AR 35, 37. In arriving at this conclusion, the ALJ relied on the testimony of a vocational expert (VE) and used Rules 202.21 and 202.22 as guidelines in determining the extent to which Plaintiff's occupational base has eroded because of his severe impairments.

### III. Plaintiff's Claims Raised on Appeal

Plaintiff raises two claims in this appeal. First, Plaintiff contends that this case must be reversed and remanded because the Appeals Council failed to acknowledge or consider new evidence in the form of medical records. According to Plaintiff, the Appeals Council considered "only the January 6, 2005 letter" from his representative and not the February 18, 2005 letter to which medical records were attached. Second, Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to investigate and elicit a reasonable explanation for differences between the VE's testimony and the

Dictionary of Occupational Titles (DOT) regarding the exertional level of certain jobs identified by the VE as jobs Plaintiff could perform. He also challenges as inadequate the ALJ's hypothetical question to the VE. As discussed in further detail below, this Court's recommendation for reversal is based solely on the first issue raised by Plaintiff.

IV. **Standard of Review**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* at 760 (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether specific rules of law were followed in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172.

## V. Analysis

### A. Appeals Council's Consideration of New Evidence

In its Notice of Appeals Council Action, the Appeals Council states that it "considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council." AR 5. The enclosed Order of Appeals Council states that the Appeals Council had received additional evidence. According to the Order, the "additional evidence" considered by the Appeals Council consisted of a letter from Plaintiff's representative dated January 6, 2005. AR 8. A copy of the January 6, 2005 letter is in the administrative record. *See* AR 441- 442. The one-page letter references the amended decision of the ALJ. AR 441. Attached to the letter is a one-page document entitled "Supplemental Addendum to Appeal of Order Denying Benefits." AR 442. These documents on their face do not constitute additional "evidence" but instead represent supplemental arguments submitted by Plaintiff's representative after receiving the ALJ's amended decision.

Subsequently, however, Plaintiff's representative actually did submit additional medical evidence to the Appeals Council. The new evidence consists of medical records from the Oklahoma County Crisis Intervention Center, including Plaintiff's GAF scores as determined by a treating clinician in June 2004.[2] The treatment records are attached to a

---

[2] The global assessment of functioning ("GAF") score is a subjective determination based on a scale of 100 to 1 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 32.

cover letter from Plaintiff's representative dated February 18, 2005. AR 9-24. Plaintiff contends that it is this new evidence that the Appeals Council failed to consider.

Plaintiff's point is well-taken. There is no explanation as to why the new evidence attached to the February 18, 2005 letter was not considered by the Appeals Council. Neither the cover letter nor the attached medical records are referenced by the Appeals Council.

The Social Security regulations specify how the Appeals Council must handle newly submitted evidence:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b) and 416.1470(b). Plaintiff relies on *Threet v. Barnhart*, 353 F.3d 1185 (10th Cir. 2003) for the proposition that the Appeals Council's failure to evaluate the entire record, including the new evidence, constitutes reversible error. In *Threet*, the plaintiff had submitted new evidence to the Appeals Council. The Appeals Council denied review without reference to the newly submitted evidence stating simply that "'there is no basis under the above regulations for granting your request for review.'" *Threet* at 1192. In reversing the district court's affirmation of the ALJ's decision, the Tenth Circuit Court of Appeals stated:

6

> If this means that the Appeals Council did not evaluate the entire record including the new evidence, that failure constitutes substantial legal error necessitating a remand for further proceedings[.]

*Id.*

In the instant case the Appeals Council listed as additional evidence only the representative's letter dated January 6, 2005. But no reference is made to the February 18, 2005 letter and attached medical records. The medical records appear to be new, material and chronologically relevant to the determination of disability. Although the Appeals Council is not required to provide specific legitimate reasons for discounting new evidence, *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (*quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)), require the Appeals Council to determine whether the new evidence qualifies for consideration and, if so, to evaluate the entire record including any new evidence in determining whether the case should be reviewed. There is no indication that the Appeals Council considered the medical records attached to the representative's February 18, 2005 letter. Accordingly, it is recommended that the Commissioner's decision be reversed and remanded based on the Appeals Council's legal error in failing to address the additional evidence presented in connection with Plaintiff's request for review.

### B.  Substantial Evidence at Step Five of the ALJ's Decision

Plaintiff also contends that the ALJ's decision is not supported by substantial evidence at step five of the disability evaluation because the ALJ failed to investigate and elicit an explanation for differences between the VE's testimony and the DOT. Further, Plaintiff

contends that the ALJ's hypothetical question to the VE did not include all his impairments. This ground, standing alone, does not require reversal.

In *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999), the court held that an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock* at 1091. In *Haddock*, the ALJ found the plaintiff to be limited to sedentary, semi-skilled work that would allow alternate sitting and standing. Of the jobs identified by the VE as jobs the plaintiff could perform, only one was actually identified in the DOT as sedentary and semi-skilled. The Tenth Circuit remanded the case for a determination as to whether there was a significant number of jobs in the national economy that the plaintiff could perform. *Id.* at 1092.

In this case, the ALJ determined that Plaintiff retains the RFC to perform a wide range of light work activity limited "by his need to avoid more than occasional bending forward at the waist, or bending at the knees to come to a rest on the knees, or occasional bending downward by bending [his] legs and spine." The ALJ further found that Plaintiff should "avoid all repetitive overhead reaching" and "avoid exposure to unprotected heights and dangerous machinery." Finally, the ALJ found that Plaintiff is also limited "by his ability to perform only simple unskilled one to two step repetitive tasks" and that he "should also avoid jobs which require remembering and understanding long and complex job directions." AR 34.

The VE identified the jobs of laundry folder and small parts assembler as "sedentary." The DOT, however, identifies these jobs as "light" work. Plaintiff contends that this case must be remanded because the ALJ did not elicit an explanation as to the discrepancy between the ALJ's testimony and the exertional classification assigned to these jobs in the DOT. This case is distinguishable from *Haddock*, however, because these two jobs still fall within the category of Plaintiff's RFC. Moreover, even if the jobs of laundry folder and small parts assembler are not considered, the ALJ's decision is still based on substantial evidence. The VE testified that there are 56,000 bakery worker positions and 42,000 assembly machine tender jobs in the national economy. TR 35, 462. These numbers represent a significant number of jobs in the national economy. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1330-1332 (10th Cir. 1992) (650-900 available jobs constitutes a significant number).

Plaintiff further contends that the ALJ erred in failing to included Plaintiff's "severe mental impairments" in his hypothetical question to the VE at step five. Plaintiff relies on *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990) for the proposition that "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Id.* at 722. In *Ekeland*, the ALJ's hypothetical question to the VE described a person with "a moderate inability to understand, remember, and carry out detailed instructions and to maintain attention and concentration for extended periods." Uncontroverted evidence in the

administrative record, however, included an opinion that the plaintiff "could not be rehabilitated for any kind of competitive gainful employment." *Id.* The Eighth Circuit reversed the case because the ALJ relied upon the testimony of a government vocational consultant who had not been made aware of the evidence regarding the plaintiff's inability to be rehabilitated.

A review of the ALJ's hypothetical question to the VE in this case, however, shows that the ALJ did, in fact, include the functional results of Plaintiff's non-exertional limitations in the hypothetical question:

> Now in the area of non-exertional limitations, I want to give you a few here. There would be understanding and remembering short and simple instructions, and one or two step repetitive tasks. This hypothetical individual would work in relative isolation with not excessive contact with peers, and supervisors. Some but not excessive. Further, there would be no exposure to unprotected heights or dangerous machinery. And finally, this work would be performed in a routine, repetitive, low stress kind of environment.

AR 461. Because the ALJ's hypothetical question included the mental limitations supported by the record before the ALJ, this case is distinguishable from *Ekeland*. The ALJ's step five findings are supported by substantial evidence. The Court expresses no opinion, however, whether consideration of the additional evidence presented to the Appeals Council, as discussed above, would require a different result.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by January __19__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __30th__ day of December, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE